[Civ. No. 5258.   Fourth Dist.   Jan. 20, 1956.]

JOSEPH GODFREY, as Executor, etc., Respondent, v. JOSEPH E. WITTEN, as Administrator, etc., Appellant.

Louis Budway for Appellant.

Ferguson & Judge for Respondent.

BARNARD, P. J.—This is an action to quiet title to a lot in the town of Brea in Orange County. This lot was appraised in one of these estates at $3,500 and in the other at $4,500. The case was submitted on stipulated and documentary evidence, and there is no dispute as to the facts.

Margaret Godfrey obtained title to this lot on January 13, 1922, as her separate property. On May 15, 1936, she mar-

ried John Farrell. On December 2, 1937, she recorded a declaration of homestead in which she declared that she was married; that her husband's name was John Farrell; that she was actually residing on this property with her family, consisting of her said husband and herself; that the cash value of the property was $2,000; that she intended to use and claim said property as a homestead; and that no former declaration of homestead had been made by anyone. There was no statement therein, as required by section 1263 of the Civil Code, that she made the declaration for the joint benefit of herself and her husband; and no statement that she was the head of a family.

On November 30, 1938, Mrs. Farrell and Mr. Farrell executed a property settlement agreement. After stating that by this instrument they desired to and did "forever settle, as between themselves," all of their property rights "and rights and interest in and to property" of every kind and nature, "now and for all future time," this agreement provided, among other things, that Mrs. Farrell "is to retain the real estate to which she now has title"; that the parties had no children; that Mrs. Farrell waived and relinquished all right to support from Mr. Farrell, all right to his present or future property, and all right to participate in any way in his estate or to claim homestead rights or family allowance in connection with his estate; that Mr. Farrell "waives, releases and relinquishes" any right to administer upon her estate, "or to claim, receive or have any part of her estate," and "further agrees that he will not seek to have a homestead set apart to him from her estate . . . or to seek any property therefrom"; that each of them will at any time in the future sign any instrument that might become necessary to enable them or either of them to hold, own or "dispose of such separate property," in the event that this agreement shall not be sufficient for that purpose; and that said agreement is accepted by them as "a final settlement between them, both for the present and for all future time."

The record does not show whether or not they lived together after November 30, 1938. Margaret Farrell died on January 29, 1949, leaving a will by which she left this property to her children by a former marriage. John Farrell died intestate on November 26, 1951.

The executor of Margaret Farrell's estate brought this action on December 17, 1954, in the form of an ordinary quiet title action. The administrator of John Farrell's estate answered, claiming ownership of the property by virtue of

this declaration of homestead, and also filed a cross-complaint asking that title be quieted in him as such administrator. An answer to the cross-complaint was filed denying that John Farrell or the administrator of his estate is the owner of the property, and as a separate answer, alleging the execution of this property settlement agreement, and that by the terms thereof John Farrell relinquished and waived all of his right, title and interest in the property. The court found in all respects in favor of the plaintiff finding, among other things, that this declaration of homestead was inoperative and of no force and effect; that by this property settlement agreement John Farrell released to Margaret Farrell all the right, title and interest he may have had in and to said property, and further agreed that he would not seek any homestead in her estate or from her property; that title to said property is vested in the heirs or devisees of Margaret Farrell, subject to the administration of her estate; and that neither John Farrell nor his heirs or devisees, nor the administrator of his estate have any right, title or interest in the property Judgment was entered accordingly, quieting title to the property in the plaintiff and denying any relief to the defendant on the cross-complaint. The defendant has appealed from the judgment.

The appellant contends that this was a valid homestead which vested title to the property in John Farrell on the death of his wife, citing section 663 of the Probate Code and *Williams* v. *Williams*, 170 Cal. 625 [151 P. 10]. It is argued that while the declaration of homestead does not comply with the provisions of section 1263 of the Civil Code it may be taken as one made under section 1266 of that code, which does not require a statement that it is made for the joint benefit of both husband and wife; that since the husband had no interest in or claim to the property there was no reason why the wife should declare a homestead for his benefit; that the property settlement agreement clearly indicates that she wanted the property to remain hers, and did not want her husband to have any interest in it during her lifetime; that while in the property settlement agreement it was agreed that this was her separate property this did not constitute an "abandonment" of the homestead under section 1243 of the Civil Code; and that since the agreement gave her the right to demand that her husband sign any document, which would include a declaration of abandonment, the fact that she did not demand that he sign such a document indicates that she did not want the homestead abandoned.

■ There is no merit in the contention that this declaration of homestead was executed by Mrs. Farrell under the provisions of section 1266 as a ''person other than the head of a family.'' There is no evidence that there was residing on the premises at the time any one of the persons mentioned in section 1261 as required to constitute the head of a family, and in the declaration itself Mrs. Farrell stated that she resided on the property ''with my family, consisting of my said husband and myself.'' ■ It has been held that where a declaration of homestead is made by a wife it must contain a provision that it is made for the joint benefit of herself and her husband (*Hansen* v. *Union Sav. Bank,* 148 Cal. 157 [82 P. 768] ; *Schuler-Knox Co.* v. *Smith,* 62 Cal.App.2d 86 [144 P.2d 47] ). It has been held in many cases that the ''must'' provisions of section 1263 must be strictly complied with. In other cases some variation has been allowed under special circumstances. Many of these cases are reviewed in *Johnson* v. *Brauner,* 131 Cal.App.2d 713 [281 P.2d 50]. In that case it was held that there was a substantial compliance with section 1263 since the declaration of homestead and the surrounding facts indicated that it was actually filed for the joint benefit of husband and wife, although such fact was not specifically stated therein  Not only were there special circumstances in that case, but the question presented was as between the rights of a creditor and the interests of the family which it is the purpose of the homestead laws to protect. That there is a natural and logical difference between a case involving the rights of creditors as against the family, and cases involving subsequent controversies between husbands and their wives or their representatives, is pointed out in the concurring opinion in *Estate of Teel,* 34 Cal.2d 349 [210 P.2d 1]. No case of which we are aware has applied the substantial compliance theory in any situation comparable to that which here appears.

■ The liberal construction rule should not be further extended under the circumstances of this case, especially in view of the property settlement agreement entered into by Mr. and Mrs. Farrell. It clearly appears therefrom that they fully intended to settle all of their property rights, present and future, and it was specifically agreed that Mrs. Farrell was to retain this property, and her right to ''dispose'' of it as her separate property was expressly acknowledged. Mr. Farrell further agreed to waive, release and relinquish any right or claim he may have had with respect to that property. This agreement was accepted by both as a ''final settlement

between them, both for the present and for all future time.'' While the facts are somewhat different, the general principles applied in *Estate of Teel, supra,* should be applied here. As was said in that case, ''It is clear from the instruments in question that the parties intended to effect a complete adjustment of all their rights to the property including the homestead declared thereon.'' ■ Mr. Farrell did nothing to establish any claim or interest with respect to this property for nearly three years after her death, and his heirs should not now be heard to assert a right which was never properly given him in the first place and which, if it ever existed, he later surrendered, waived and relinquished. While the declaration of homestead was never abandoned, in the technical sense, as required by sections 1243-1244 of the Civil Code, Mr. Farrell waived any rights he may have had thereunder, and he and his representatives should be barred from now asserting any interest in the homestead property in an equitable action. ■ There is no merit in the contention that because Mrs. Farrell did not demand that her husband sign a proper abandonment of the homestead she must be deemed to have waived her right to such an abandonment. No question in that regard arose during her lifetime. Under these circumstances a court should treat as done that which the parties agreed to have done and which ought to have been done. (Civ. Code, § 3529; *Peers* v. *McLaughlin,* 88 Cal. 294 [26 P. 119, 22 Am.St.Rep. 306] ; *Campbell* v. *Bauer,* 104 Cal.App.2d 740 [232 P.2d 590].) Under the evidence presented, the court's findings and judgment may not be disturbed.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.

A petition for a rehearing was denied February 9, 1956, and appellant's petition for a hearing by the Supreme Court was denied March 14, 1956. Schauer, J., was of the opinion that the petition should be granted.