[Civ. No. 23383. Second Dist., Div. Three. May 29, 1959.]

RUTH M. NORWICH, Plaintiff and Appellant, v. DANIEL NORWICH, Defendant and Appellant.

Dryden, Harrington, Horgan & Swartz and Jacob Swartz for Plaintiff and Appellant.

Neil N. Werb for Defendant and Appellant.

SHINN, P. J.—This is an action wherein both parties sued for divorce, the wife charging cruelty and the husband by his cross-complaint alleging cruelty and desertion. Neither party specifically identified the community property, each alleging same to be in the possession of the other. By its findings the court sustained the husband's allegation of desertion and granted a decree to him and made a division of the community property between the parties. Both parties appeal.

In her appeal plaintiff wife claims that there was insufficient evidence to support the court's finding that she was guilty of desertion although she makes no statement of the evidence on which the finding of desertion is based. In that circumstance it must be presumed that the evidence presented at the trial was sufficient to sustain the finding. (*Hickson* v. *Thielman*, 147 Cal.App.2d 11 [304 P.2d 122].) However, in considering plaintiff's claim that she was entitled to a divorce on the ground of extreme cruelty, we have read the record in order to ascertain the basis of that contention. As nearly as we can ascertain from her brief the alleged cruelty consisted of defendant's refusal to maintain a home in Los Angeles and of letters she received from him from Ger-

many, in one of which he sought her agreement to a divorce. The claim of cruelty is without substance. Defendant was an electronics engineer. His work took him to Fontana, California, for about four months. He asked his wife to move there with him and she refused. In 1953 he was transferred to El Paso; plaintiff visited him there for some two weeks and although an adequate home was provided for her, she refused to stay. March 1955, defendant was transferred to Germany in electronics work for the military. At the time he left and thereafter, he entreated her to make her home with him in Germany and she consistently refused. There was abundant evidence in corroboration of the husband's testimony to the foregoing facts. The court found that plaintiff deserted defendant on March 28, 1955. From that date until the end of 1955, he sent his wife a weekly check which was never less than $104 and during that time he lived on his subsistence pay. Living accommodations in Germany were those provided for the military and defendant offered to provide others if plaintiff was not satisfied. The failure of plaintiff to mention in her brief any of the evidence relating to defendant's requests that she accompany him and her refusals is understandable. In her testimony she did not deny that defendant had asked her to accompany him to the several places to which he was transferred. Neither did she testify that her numerous refusals were due to the unsuitability of the home defendant would provide for her. The finding that she was guilty of desertion is a conclusive answer to her contention that she suffered extreme anguish because of the separation.

We turn now to the appeal presented by the defendant husband. He appeals only from that part of the judgment which divided the community property and awarded the wife the additional sum of $1,500. Paragraph VIII of the findings reads: "That the community property of the parties hereto is composed of the following items: A. Community property in possession of wife: (1). A 1953 Pontiac automobile, unencumbered; certain miscellaneous household furniture, miscellaneous electronic tools and equipment; and a portable typewriter. (2). The sum of $3,500 in cash which was received from the proceeds of community Savings Bonds, which sum was transferred to plaintiff's brothers, SIDNEY MOGOL and FREDERICK MOGOL, which sum is in the control of plaintiff/cross defendant. B. Community property in possession of husband: (1). A foreign automobile purchased by defendant/cross complainant for the sum of $700.00, from earnings since Janu-

ary 10, 1956. (2). The sum of $3,500.00, located in a savings account and accumulated from earnings of defendant/cross complainant since January 10, 1956. C. That there may or may not be United States Government Bonds still uncashed, but in possession of plaintiff/cross defendant which would be community property.'' In its Conclusions of Law based upon these findings, the court awarded the community property as follows: ''A. To plaintiff/cross defendant: (1). The said $3,500.00 under her control; (2) The 1953 Pontiac automobile (3). The miscellaneous household furniture (4). The sum of $1,500.00, payable in installments of $100.00 or more per month commencing February 1, 1958. B. To defendant/cross complainant: (1). The sum of $3,500.00. (2). The automobile in his possession (3). Miscellaneous electronic equipment, a portable typewriter and an accordion, presently in possession of plaintiff/cross defendant.''

The judgment reads as follows: ''3. That community property of plaintiff and defendant is as follows: (a). A 1953 Pontiac automobile (b). Certain miscellaneous household furniture (c) Miscellaneous electronic tools and equipment (d). A portable typewriter (e). The sum of $3,500.00 in cash which was received from the proceeds of community savings bonds, which sum was transferred to plaintiff's brothers, SIDNEY MOGOL and FREDERICK MOGOL, which sum is in the control of plaintiff/cross defendant. (f). A foreign automobile (g). The sum of $3,500.00 located in a savings account and accumulated from earnings of defendant/cross complainant, since January 10, 1956. (h). That there may or may not be United States Government Bonds, still uncashed, but in possession of plaintiff/cross defendant which would be community property. *Said community property* is awarded as follows: A. To plaintiff/cross defendant: (1). The said $3,500.00 under her control (2). The 1953 Pontiac automobile (3). The miscellaneous household furniture (4). The sum of $1,500.00 in a lump sum payable at the rate of $100.00 or more per month through attorney for plaintiff, payments to begin on February 1, 1958. B. To defendant/cross complainant: (1) The sum of $3,500.00 (2). The automobile in his possession (3). Miscellaneous electronic equipment, a portable typewriter and an accordion, presently in possession of plaintiff/cross defendant.'' (Emphasis added.)

Subsequent to the signing and filing of the above referred to instruments, both parties moved under section 663, Code of Civil Procedure, for an order vacating the judgment; the

motions were presented February 13, 1958, at which time the court amended the judgment so as to give the wife's attorneys an additional $1000 and provide that the husband should pay the wife the sum of $1,500, in 10 monthly payments of $150 instead of $1,500 payable $100 per month.

 The court having awarded defendant a divorce could not require him to pay support money to plaintiff (*Brooks* v. *Brooks,* 53 Cal.App.2d 93 [127 P.2d 298]) and under section 146 of the Civil Code was required to divide the community property equally.

 The $3,500 saved from defendant's earnings after the date of the desertion and the automobile purchased with such earnings were the separate property of defendant. Section 175 of the Civil Code, as amended in 1955, reads as follows: "A husband abandoned by his wife is not liable for her support until she offers to return, unless she was justified by his misconduct, in abandoning him, and the earnings of the husband during the period of unjustified abandonment, prior to such offer, are his separate property; nor is a husband liable for his wife's support when she is living separate from him, by agreement, unless such support is stipulated in the agreement."

It was error to find that the automobile purchased by defendant and the $3,500 earned by him after the date of plaintiff's desertion constituted community property. The judgment should have declared those items to be the separate property of defendant. If the award of $1,500 was for plaintiff's support it was also in error. If it was intended by the court to be a part of the division of the community property, which we doubt, it was also in error, since the effect would have been to give plaintiff a share of defendant's savings of $3,500.

The judgment must be reversed for a redetermination of the extent and value of the community property and a distribution of the same in a manner that will give each of the parties an equal share of it.

It appears that no evidence was taken as to the value of any of the items of community property. It is stated in one of the briefs that counsel stipulated in chambers as to the disposition of some of the items. The record does not contain any such stipulation nor does it appear that the findings and judgment were based in any part upon a stipulation. If such a stipulation was entered into and if it should appear to the court to be in the interest of justice that the parties or either of them should be relieved of the stipulation, in order that the com-

munity property be equally divided, the court should grant such relief.

The judgment and the order modifying the judgment are reversed for further proceedings not inconsistent with the foregoing opinion.

Wood (Parker), J., and Vallée, J., concurred.