JEAN L. CONTI PRICE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 85070. Filed May 11, 1960.

*Glen E. Hardy, Esq.,* for the respondent.

#### OPINION.

MURDOCK, *Judge:* The Commissioner determined a deficiency of $100 in the income tax of this petitioner for 1957. He filed a motion on March 24, 1960, for judgment for failure of the petitioner to state a cause of action in her petition. That motion was set for hearing on May 4, 1960, at which time there was no appearance for the petitioner but on file were her objections to the motion, which objections have been fully considered.

The only adjustment made by the Commissioner in determining the deficiency was the disallowance of a deduction of $500 claimed on the return for child care. He apparently explained this adjustment as follows:

A child care deduction is not an allowable deduction in your return under Sec. 214, Internal Revenue Code, since you were not single as of 12/31/57. Information furnished by you indicates divorce occurred in 1958 and that no legal separation by Court Order existed prior to divorce.

The allegations of fact in the petition include the following: The petitioner and her former husband, Conti, had a 5-year old daughter; the petitioner, during the taxable year, paid $10 a week for care of the child; the petitioner claimed a deduction therefor on her return for 1957; she was not living with her husband during 1957 but lived with her parents; "My estranged husband paid me $12 a week for my daughter"; the petitioner and Conti did not file a joint return for 1957; and they were not legally separated or divorced during that year.

Section 214(a) allows as a deduction expenses paid during the taxable year by a female taxpayer for the care of a dependent if

such care is for the purpose of enabling the taxpayer to be gainfully employed. The deduction is limited to $600 for any year. Section 214(b)(2) provides that:

In the case of a woman who is married, the deduction under subsection (a)—

(A) shall not be allowed unless she files a joint return with her husband for the taxable year.

Subsection (c)(3) provides that:

A woman shall not be considered as married if she is legally separated from her spouse under a decree of divorce or of separate maintenance at the close of the taxable year.

There was no decree of divorce or separate maintenance with respect to Conti and the petitioner during 1957. The petitioner was married to him during that year. She did not file a joint return for that year with her husband. The petition does not state a cause of action in that it does not allege facts showing that she is entitled to a deduction for child care or that the Commissioner erred in determining the deficiency by disallowing that deduction.

*Decision will be entered for the respondent.*