[Civ. No. 6629. Fourth Dist. Feb. 17, 1961.]

EDNA McGAFFEY, Respondent, v. HARRY SUDOWITZ, Appellant.

216

Silbert & Silbert and Richard L. Kite for Appellant.

Simon, Simon & Cleary and Henry V. Cleary for Respondent.

SHEPARD, J.—Plaintiff brought this action for declaratory relief and for an injunction to prevent execution sale of property claimed by her as a homestead. From a judgment for plaintiff, defendant appeals.

The cause was tried on a stipulation of facts. In substance they are as follows: Prior to October 22, 1958, plaintiff and Donald R. McGaffey were husband and wife. The husband died some time prior to the trial of this action. They acquired the property, subject to this action, October 19, 1956, and on October 22, 1958, plaintiff obtained an interlocutory judgment of divorce from her said husband, in which said real property was found to be community property and it was awarded to this plaintiff. The judgment was entered October 22, 1958, and recorded in the office of the county recorder October 31, 1958. October 30, 1958, plaintiff executed a declaration of homestead in the form and manner required by section 1266 of the Civil Code, for a "person other than the head of a family," which declaration was recorded in the office of the county recorder November 5, 1958.

On November 14, 1958, an action was commenced by defendant herein against said husband, Donald R. McGaffey. April

1, 1959, judgment was rendered in favor of this defendant, against said Donald R. McGaffey, and on April 6, 1959, an execution was issued in that action. April 13, 1959, said execution was levied against the interest of Donald R. McGaffey in and to the property subject of the present cause. May 13, 1959, an abstract of said judgment against Donald R. McGaffey was recorded in the office of the county recorder.

May 13, 1959, plaintiff herein filed an action to quiet title against this defendant. Defendant herein at no time applied for the appointment of an appraiser, as provided by Civil Code, sections 1245 and 1246. March 17, 1960, judgment was entered in favor of defendant and against this plaintiff in said quiet title action, adjudging that the property was subject to the claim of lien of the judgment theretofore rendered against said Donald R. McGaffey, in favor of defendant herein. March 30, 1960, a new execution was issued on said judgment against Donald R. McGaffey and on April 2, 1960, said new execution was levied again against this property. The property was noticed for sale for May 3, 1960, but, again, no motion was made for the appointment of appraisers as is provided by said sections 1245 and 1246.

On April 27, 1960, the present action was filed. In the present action, for the first time, the failure of defendant herein to move for the appointment of appraisers as above noted, was raised. Defendant's answer admitted such failure to petition for appraisers.

Defendant's answer raises two affirmative defenses, which are the only points raised on this appeal. The first of those is that the judgment in the first quiet title action commenced by this plaintiff against this defendant is res judicata. The second is that the homestead was fatally defective in form in that it failed to include the declaration that the husband had not made a declaration claiming homestead and that she therefore was making a declaration for their joint benefit.

## RES JUDICATA

■ Generally speaking, the doctrine of res judicata is simply that when the rights of the parties have been put in issue and litigated, the resultant judgment, when it becomes final, conclusively establishes the rights of the parties respecting the matters litigated. (*Norris* v. *San Mateo County Title Co.*, 37 Cal.2d 269, 272 [1] [231 P.2d 493].) ■ The mere fact that a judgment is erroneous or unfair will not prevent the application of res judicata. ■ However, the

doctrine does not apply if there are changed conditions and new facts which were not in existence at the time the action was filed upon which the prior judgment is based. (*People* v. *Ocean Shore Railroad,* 32 Cal.2d 406, 418 [12, 13] [196 P.2d 570, 6 A.L.R.2d 1179] ; *Thorne* v. *McKinley Bros.,* 5 Cal.2d 704, 708 [2] [56 P.2d 204] ; *Yager* v. *Yager,* 7 Cal.2d 213, 217 [4-5] [60 P.2d 422, 106 A.L.R. 664] ; *Collins* v. *Kobold,* 146 Cal.App.2d 868, 871 [4] [304 P.2d 182].)

 In the action here at bar, at the time the original complaint was filed, the execution lien and the judgment lien had attached to the property but the time had not expired within which the motion for appointment of appraisers under said sections 1245 and 1246 might have been made. The right of plaintiff to have her property cleared of the execution and judgment lien had not then arrived. The matter of the subsequent lapsation of time was never called to the trial court's attention by either the plaintiff or the defendant. If either the plaintiff or the defendant had placed it in issue, then the entire matter might have become res judicata, but the mere fact that an event had happened after the filing of the complaint and prior to judgment which gave to the plaintiff new rights was not pleaded by a supplemental pleading, does not bar a new action on the new right. As was said in *Estate of Spinosa,* 117 Cal.App.2d 364, 368 [255 P.2d 843], quoting from 30 American Jurisprudence 908, 909 :

" 'The doctrine of res judicata is a principle of universal jurisprudence, forming a part of the legal systems of all civilized nations. It is not, however, to be applied so rigidly as to defeat the ends of justice; there are exceptions to it based upon important reasons of policy. There is also support for the rule that judgments relied upon as creating an estoppel are to be construed with strictness.' "

 Here, plaintiff's right to quiet her title was not *in esse* at the time her first complaint was filed. Its later maturity was never placed in issue in that first action.

Under the peculiar facts of the case here at bar, the doctrine of res judicata does not apply.

### Homestead Validity

 The primary question here presented is whether a homestead filed by a person after the entry of an interlocutory decree and before the entry of the final decree of divorce is mandatorily required to be in the form provided by statute for the "head of a family," or by a wife as is set forth in Civil Code, section 1263, or may it be in the form provided

for "any person other than the head of a family" as is provided by said section 1266.

Apparently diligent research of counsel and extensive tracing of the subject by this court has revealed no case in which the precise problem of use of said sections 1263 or 1266 with which we are here confronted, has been before any California court. A search of authorities of other states has likewise revealed no case in which the facts and statutory law are in any way similar to those required here to be interpreted. It appears to be a problem of first impression.

Questions relating to the form to be used by a wife during coverture have been discussed in a wide variety of situations and it has been held that substantial compliance with the requirements of subdivision 1 of said section 1263 is necessary to a declaration of homestead filed by a wife during coverture. The leading California authorities on the subject are to be found in the following cases: *Schuler-Knox Co.* v. *Smith*, 62 Cal.App.2d 86, 98 [17] [144 P.2d 47] (failure to state husband had not previously declared a homestead and failing to declare for "joint benefit"); *Johnson* v. *Brauner*, 131 Cal. App.2d 713 [281 P.2d 50] (substantial compliance); *Lynch* v. *Stotler*, 215 F.2d 776, 778 [2] (failure to declare value); *Strangman* v. *Duke*, 140 Cal.App.2d 185, 189 [6] [295 P.2d 12] (failure to state no declaration by husband); *Godfrey* v. *Witten*, 138 Cal.App.2d 610, 614 [2] [292 P.2d 247] (failure to declare for joint benefit).

In general, the sum total of all authorities clearly shows a policy of compelling substantial compliance with the provisions for establishment of a homestead because of the statutory nature of the privilege. On the other hand, they show a clear effort to make the statutory system work in practical application in accordance with the legislative intent as shown by the sum total of the statutory law on the subject. (*Michels* v. *Burkhard*, 47 Cal.App. 162, 165 [2] [190 P. 370] [motives of declarant immaterial]; *McKay* v. *Gesford*, 163 Cal. 243, 247 [124 P. 1016, Ann.Cas. 1913E 1253, 41 L.R.A. N.S. 303] [a beneficent law calling for liberal construction]; *Greenlee* v. *Greenlee*, 7 Cal.2d 579, 583 [1] [61 P.2d 1157] [valid even though husband had deserted]; *Johnson* v. *Brauner, supra,* p. 717 ["The homestead right is not one to be industriously pinched, and circumscribed, and circumvented, and beaten back."]; *Feintech* v. *Weaver*, 50 Cal.App.2d 181, 183 [1] [122 P.2d 606] [liberal construction].)

But none of these cases, nor any of the numerous cases

therein cited, discuss the precise problem we have here. We think a close analysis of the statutes guided by the policy of our courts to effectuate the legislative intent as expressed in its enactments will, however, furnish the answer. It is not contended that the declaration of homestead by plaintiff herein does not comply in every respect with the requirements of paragraphs 2, 3 and 4 of said section 1263 as set forth in Civil Code, section 1267, covering the declaration of ''any person other than the head of a family.'' We are therefore concerned only with whether or not the requirements of paragraph 1 of section 1263 are mandatory in the case here at bar. Said section 1263, paragraph 1, and said sections 1266 and 1267 read as follows:

''1263. The declaration of homestead must contain: 1. A statement showing that the person making it is the head of a family, and if the claimant is married, the name of the spouse; or, when the declaration is made by the wife, showing that her husband has not made such declaration and that she therefore makes the declaration for their joint benefit. . . .

''1266. MODE OF SELECTION. Any person other than the head of a family, in the selection of a homestead, must execute and acknowledge, in the same manner as a grant of real property is acknowledged, a 'declaration of homestead.' . . .

''1267. The declaration must contain everything required by the second, third and fourth subdivisions of section 1263, and in addition thereto may contain the statement and affidavit provided for by subdivision 5 of said section, with like effect as therein provided.''

It will be noted that none of the sections involved directly prohibit independent filing by the wife. Such prohibition appears only by judicial interpretations. But all of such interpretations have been applied to and only to declarations of the wife *during coverture*.

Under the facts in the case here at bar, the property awarded to the wife by the interlocutory decree of divorce became her separate property. There is no showing that any appeal was ever taken, nor that there was any reconciliation, nor that the final decree was not ultimately entered. When the time for appeal expires, the judgment is final. This is true even though in some respects it is provisional in character. (*London G. & A. Co.* v. *Industrial Acc. Com.*, 181 Cal. 460, 465 [1] [184 P. 864]; *Leupe* v. *Leupe*, 21 Cal.2d 145, 148 [1] [130 P.2d 697]; *Brochier* v. *Brochier*, 17 Cal.2d 822, 824 [1] [112 P.2d 602]; *Klebora* v. *Klebora*, 118 Cal.App. 613, 619 [2] [5 P.2d 965].)

We are not here concerned with possible reconciliation, nor after-discovered property, nor motions under Code of Civil Procedure, section 473, for none of these are claimed nor shown by the record and the husband was deceased prior to the trial in the present action.

There are many ways in which the legal relationship of the parties is recognized to be distinctly different after an interlocutory decree of divorce than it was during coverture. We have already mentioned the uniform rule of finality respecting property. Some other ways in which differences appear are noted in *Stauter* v. *Carithers,* 185 Cal. 160 [196 P. 37] (adoption by divorced wife without the husband's consent); *Estate of Walker,* 176 Cal. 402, 413 [168 P. 689] (decree admissible as evidence contradicting presumptions of cohabitation); *Norwich* v. *Norwich,* 170 Cal.App.2d 806, 810 [3] [339 P.2d 574] (husband's duty of support ended); *Barker* v. *Barker,* 139 Cal.App.2d 206, 214 [5] [293 P.2d 85] (protection of right of wife in homestead declared during coverture after decree to live separate and apart).

Plaintiff herein did not and could not claim to be the head of a family. She could not claim the homestead for the benefit of her husband without (in part,° at least) surrendering property rights granted her by the divorce decree. She was lawfully living separate and apart from Mr. McGaffey and could not therefore be presumed to know whether Mr. McGaffey had or had not claimed another homestead. Civil Code, section 1266, authorizes a claim of homestead by "[a]ny person other than the head of a family." Such a filing under said section 1266 gives an exemption of only $5,000, whereas the exemption under head of a family (§ 1263) is $12,500. (See § 1260.) Thus, the policy of the law to restrict total exemption of husband and wife to $12,500 has been accomplished in any event for even though the husband also filed, the sum total of the two would be only $10,000.

We are satisfied that the trial court interpreted the intent of the legislative enactments correctly; that the wife's right to file on behalf of the family exists only *during coverture*; i.e., while she is legally under the cover, authority and protection of her husband; that after an interlocutory decree of divorce she assumes, for homestead purposes, the status of a single person and could properly file as a "person other than the head of a family." It is not claimed that her declaration was deficient under the requirements of said section 1266.

We are not here called upon to, and we make no attempt to, dispose of any of the problems that might be created by conditions not present in the case at bar, such as reconciliation or other contingencies. We deal solely with the question presented by the facts here before us.

The judgment is affirmed.

Griffin, P. J., and Coughlin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 12, 1961.