Joseph E. Perusich v. Commissioner. Kathleen M. Perusich v. Commissioner.
Perusich v. Commissioner
Docket Nos. 3381-68 and 611-69 SC.
United States Tax Court
T.C. Memo 1970-120; 1970 Tax Ct. Memo LEXIS 242; 29 T.C.M. (CCH) 522; T.C.M. (RIA) 70120; May 19, 1970, Filed *242 Each petitioner claimed their only son as a dependent during the year 1966. Moreover, petitioner Kathleen Perusich used head of household income 523 tax rates in computing her tax for that year and claimed a child care expense deduction in the amount of $600. Held, petitioner Joseph Perusich did not provide over one-half of his son's support in 1966, and the deduction, therefore, is accordingly denied. Held, further, petitioner Kathleen Perusich, having provided over one-half of her son's support, is entitled to a dependency exemption deduction for him in 1966. Held, further, she is not entitled to utilize head of household rates nor to deduct child care expenses in that year. Joseph E. Perusich and Kathleen M. Perusich, pro se, 2048 La France Ave., South Pasadena, Calif.Michael J. Christianson, for the respondent. IRWIN
Memorandum Findings of Fact and Opinion IRWIN, Judge: Respondent determined a deficiency in the income tax of Kathleen M. Perusich for the calendar year 1966 in the amount of $114, and determined a deficiency in the income tax of petitioner Joseph E. Perusich in the amount of $165.86 for the same year. The basis for the determination of each of these deficiencies was the disallowance of the claimed dependency exemption for Kirk, the only child of Kathleen M. Perusich and Joseph E. Perusich. In addition, with respect to the deficiency assessed against Kathleen M. Perusich, the Commissioner had determined that she was not entitled to deduct child care expenses [1] and could not use the head of household income tax rates in effect for *244 the year at issue. The issues for decision are: Docket Number 611-69 SC 1. Whether petitioner Kathleen Perusich is entitled to a $600 deduction for child care expenses in the year 1966. 2. Whether she is entitled to utilize "head of household" tax rates for the year at issue. Docket Numbers 611-69 SC and 3381-68 1. Whether Kathleen Perusich or Joseph Perusich is entitled to the dependency deduction for their minor son, Kirk, in the year in question. Findings of Fact The parties stipulated some of the facts and they, together with the exhibits attached thereto, are incorporated herein by reference. Petitioner Joseph Perusich (hereinafter referred to as Joseph) is an individual who resided at 2048 La France Avenue, South Pasadena, Calif., at the time he filed his petition herein. He filed his individual Federal income tax return for the taxable year 1966 with the district director of internal revenue, Los Angeles, Calif.
Petitioner Kathleen *245 Perusich (hereinafter referred to as Kathleen) is an individual who resided at 5014 North Persimmon Avenue, Temple City, Calif., at the time she filed her petition herein. She filed her individual Federal income tax return for the taxable year 1966 with the district director of internal revenue, Los Angeles, Calif.
Joseph and Kathleen, who were previously married, have one child, Kirk Timothy, who was born on October 14, 1964. Joseph was employed during part of 1966 as a police officer. His total gross income for that year was approximately $8,200. Kathleen was also employed full time from April through December of the year at issue. Prior to April 1966, she was receiving unemployment compensation and was working on a part-time basis. Her gross income for 1966 totaled approximately $4,100. On September 22, 1966, Kathleen filed a complaint for divorce, requesting that her marriage with Joseph be dissolved. On September 22, 1966, the Superior Court of California issued an order to show cause and a restraining order, enjoining and restraining Joseph from removing petitioners' child from the family home. On October 13, 1966, the Superior Court ordered Joseph to pay Kathleen the sum *246 of $100 per month as child support and $50 per month as alimony, payable one-half on the first and one-half on the 15th of each month, commencing October 15, 1966. Joseph was also ordered to pay the family rents [2] and all utilities except telephone bills. Custody of the child was granted to the mother, with right of reasonable visitation granted to Joseph. 524 Petitioners did not enter into a written separation agreement in 1966. As of December 31, 1966, Joseph was in arrears with respect to the child support order, having paid only $126.06. [3]
During the year 1966, petitioners owned a residence located at 2048 La France Avenue, South Pasadena, Calif., which had been acquired in their joint names. The court order permitted Joseph to continue living at this residence until further order, provided that he pay the family rents and utilities as ordered. Petitioners resided together until October 13, 1966, at the above-described residence, at which time Joseph traveled *247 to Alaska and did not return until near Christmas 1966. Kathleen did not always know the whereabouts of Joseph during the period from October through December 1966, when he was absent intermittently from the home. However, she did know the location of his residence at the time she filed her tax return for 1966. An interlocutory decree of divorce was entered on October 11, 1967, which became final on February 21, 1968. Kathleen Perusich was awarded, among other things, the residence at 2048 La France Avenue. The total support provided to Kirk during 1966, exclusive of lodging, consisted of the following items: Item
Amount
Food
$ 532.00
Child Care
680.50
Clothing
272.50
Medical
73.75
Gifts
125.00
Utilities (excluding telephone)
85.00
Miscellaneous 40.00
Total
$1,808.75
Exclusive of lodging, Kathleen contributed $1,255 toward Kirk's support during 1966, while Joseph contributed $553.75. Opinion Petitioners Kathleen and Joseph each claim the right to a dependency exemption deduction in 1966 for their child, Kirk. In addition, Kathleen contends that she is entitled to utilize the "head of household" income tax rates for 1966 and that she is *248 entitled to a child care expense deduction under section 214 of the Internal Revenue Code of 1954. [4]
1. Dependency Exemption The first issue discussed is which of the two petitioners is entitled to the dependency deduction for their only child, Kirk, in the taxable year 1966. Sections 151 and 152 [5] set forth the basic test applicable in this type of case; the taxpayer, in order to qualify for the personal exemption deduction, must provide over one-half of the total support of the dependent. *249 Each petitioner has the burden of proving that he has met the support test requirements, and, in order to show this, he must necessarily establish the total support of Kirk. Robert I. Brown, 48 T.C. 42 (1967); Aaron F. Vance, 36 T.C. 547 (1961); Bernard C. Rivers 33 T.C. 935 (1960). From an examination of the voluminous Rivers, 33 T.C. 935 (1960). from the detailed testimony at the trial of both petitioners, we have determined that the total support of Kirk, exclusive of lodging, was $1,808.75. Of this total, Kathleen contributed $1,255 and Joseph $553.75, once again exclusive of lodging. We feel it appropriate to note that Joseph's testimony regarding Kirk's total support and his contributions thereto was greatly exaggerated and less than candid. Indeed, it strains credulity to believe his assertion, on brief, that Kirk's total support in 1966 was $5,062.39 since he was only two years 525 old as of October 14, 1966, and since Joseph produced no evidence indicating any unusual expenses on Kirk's behalf. It is also noteworthy that, in computing Kirk's total support, Joseph included certain items, such as house mortgage *250 payments, down payments on properties, and life insurance on himself, all of which are not items which we can consider in measuring Kirk's total support in 1966. It becomes apparent, therefore, that the issue resolves iteslf to the following: in what proportion did the petitioners furnish lodging to Kirk in 1966? The fair rental value of lodging furnished to a dependent and not the payments made with respect to the property must be taken into consideration in measuring the amount of support furnished a dependent. Eva L. Lindberg, 46 T.C. 243 (1966); Emil Blarek, 23 T.C. 1037 (1955); William C. Haynes, 23 T.C. 1046 (1955). See also Rev. Rul. 58-302, 1958-1 C.B. 62. By the order of the Superior Court of the State of California on October 13, 1966, Joseph Perusich retained the right to the use and possession of the jointly-owned residence on La France Avenue in Pasadena provided he paid the family rents thereon and the cost of utilities, exclusive of the telephone. It was not until the interlocutory decree of divorce in 1967 that Kathleen was awarded the residence as her separate property. Although Joseph made mortgage payments *251 on the La France property during 1966, the property had been purchased in the names of both Joseph and Kathleen. Joseph and Kathleen each had the right of possession and use thereof during 1966. Joseph's right, after October 13, 1966, being subject under the court order to his payment of utility bills and family rents. In view of this, it follows that each petitioner was permitting Kirk to live in the house under this right of use and possession and that each should be considered as furnishing one-half of the lodging to him in 1966. See Eva L. Lindberg, supra at 247. The fact that Joseph made mortgage payments is not controlling on this point; rather, it is the right to use and possession that is decisive. Although we have been unable to make a finding as to the fair rental value of the lodging furnished Kirk in 1966, this is not fatal to either petitioner in view of the equal allocation of the value of the lodging which petitioners furnished to him. Since we have already found as a fact that, excluding lodging, petitioner Kathleen provided $1,255 toward Kirk's support and that petitioner Joseph provided $553.75, it is evident that increasing each of these amounts equally *252 by the fair rental value of the lodging that each provided to Kirk will result in Kathleen's having provided over one-half of Kirk's total support in 1966. Therefore, we hold that she is entitled to the dependency exemption deduction for him for that year. 2. Child Care Expense Deduction Petitioner Kathleen claimed a deduction for child care expenses on her 1966 income tax return. The Commissioner assessed a deficiency in tax for that year partially based on the disallowance of this deduction. Kathleen paid the tax assessed with respect to the determination regarding the child care expense deduction. However, she now seeks to avoid that agreement and petitions this Court for a determination of whether there has been an overpayment of taxes for 1966. Kathleen, in her petition, refers us to four cases [6] decided by courts of the State of California which held that parties to a divorce action are legally separated prior to the entry of the divorce decree. However, in each of these cases there had been an interlocutory judgment of divorce entered and the Court held that the parties were legally separated after the entry of the interlocutory judgment of divorce. *253 In the case before us, Kathleen filed for divorce and an "Order to Show Cause * * * in re Attorney's Fees, Court Costs, Alimony Pendente Lite, Allowance for Support and/or Custody of Children" was issued on September 22, 1966. On October 13, 1966, an order was issued granting Kathleen, among other things, alimony pendente lite and child support payments. Joseph was not, however, ordered to remove himself from the family home. On October 11, 1967, an interlocutory judgment of divorce was entered, and the final judgment of divorce was not entered until February 21, 1968. Respondent contends that Kathleen was a married woman during 1966 and that since she filed a separate return for that taxable year, instead of filing a joint return 526 with her husband, the expenses incurred by her for the care of Kirk are not allowable as a deduction in view of the specific provision of section 214(b)(2)(A) that such a deduction shall not be allowed in the case of a woman who is married unless she filed a joint return with her husband for the taxable year involved. Section 214(d)(5) specifically states that a woman shall not be considered as married if - (A) she is legally separated from *254 her spouse under a decree of divorce or of separate maintenance at the close of the taxable year, or (B) she has been deserted by her spouse, does not know his whereabouts (and has not known his whereabouts at any time during the taxable year), and has applied to a court of competent jurisdiction for appropriate process to compel him to pay support or otherwise to comply with the law or a judicial order, as determined under regulations prescribed by the Secretary or his delegate. We hold that Kathleen in 1966 was not legally separated from Joseph under a decree of divorce, since the interlocutory decree of divorce was not entered until October 11, 1967, and the final judgment of divorce was not entered until February 21, 1968. Neither was she legally separated under a decree of separate maintenance. Kathleen filed a complaint for divorce which gave rise to an order of alimony pendente lite, as prescribed by section 137.2 Cal. Civ. Code. This order, entered on October 13, 1966, cannot be considered a decree of separate maintenance. Cf. In Re Fawcett's Estate, 232 C.A. 2d 770, 43 Cal. Rptr. 160 (1965). Joseph was not ordered to remove himself from the family house, *255 but was permitted to reside there as long as he paid the family rents and utility bills. With respect to section 214(d)(5)(B), the regulations state: A wife will be considered to have known the whereabouts of her husband if on a particular day she knew the address at which he was, on such day, residing or carrying on his trade or business, or if she knew the name and address of the person by whom he was employed on such day. A wife will not be considered to have known the whereabouts of her husband merely because she had information that he was residing or working in a particular city or state. To satisfy the requirement of (d) of this subdivision the wife must have initiated legal proceedings consistent with the applicable state law for the purpose of compelling her husband to pay support * * *. Kathleen contends that she was abandoned for all intents and purposes by Joseph in 1966, and that "it seems fair that child care be allowed * * *." We are not insensitive to her equitable plea; however, we are obliged to apply the statute as Congress enacted it. Section 214(d)(5)(B) sets forth four requirements, all of which must be complied with in order to enable Kathleen to be considered *256 as not married during 1966. The record shows that she knew the whereabouts of Joseph at all times prior to October 13, 1966, that she was deserted at least intermittently from October 13, 1966, until shortly before Christmas, and that thereafter she knew his whereabouts until the end of 1966. Kathleen also knew where Joseph resided at the time she filed her tax return for 1966. It is clear from the above, and we hold, that Kathleen cannot be considered as not married at any time during 1966, and, therefore, the child care expense deduction for that year was properly disallowed. See Jean L. Conti Price, 34 T.C. 163 (1960). 3. Head of Household Kathleen Perusich utilized head of household tax rates in determining her tax due for 1966. Respondent determined that she must use the tax rates of a single individual since she filed an individual income tax return for that year. Section 1(b)(2) defines "head of household" as an individual who is not married at the close of the taxable year, and who meets certain other requirements. Section 1(b)(3)(B) further states that an individual who is legally separated from his spouse under a decree of divorce or of separate maintenance *257 shall not be considered married. For the same reasons expressed above with respect to section 214 (d)(5)(A), Kathleen was not legally separated from Joseph as of December 31, 1966, and, therefore, we hold that she is not entitled to use the rates applicable to persons qualifying as head of household. See Merle Johnson, 50 T.C. 723 (1968). In order to reflect the conclusions reached herein, Decision will be entered for the respondent in Docket No. 3381-68. Decision will be entered under Rule 50 in Docket No. 611-69 SC. 527
Footnotes
1. Kathleen Perusich had agreed to the determination with respect to the child care expenses and paid the tax assessed therefor. However, she now seeks to avoid that agreement and claims an overpayment of that amount.↩
2. In this case, payments of principal and interest on a mortgage were the family rents.↩
3. It cannot be ascertained from the record whether he was also in arrears with respect to the alimony order.↩
4. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
5. SEC. 151. ALLOWANCE OF DEDUCTIONS FOR PERSONAL EXEMPTIONS. (a) Allowance of Deductions. - In the case of an individual, the exemptions provided by this section shall be allowed as deductions in computing taxable income. * * * (e) Additional Exemption for Dependents. - (1) In general. - An exemption of $600 for each dependent (as defined in section 152) - (B) who is a child of the taxpayer and who (i) has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins * * *. SEC. 152. DEPENDENT DEFINED. (a) General Definition. - For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer): (1) A son or daughter of the taxpayer, or a descendant of either. We note that section 152(e) does not apply to this case since that section is applicable only to taxable years after December 31, 1966.↩
6. Stauter v. Carithers, 196 P. 37 (1921); Barker v. Barker, 293 P. 2d 85 (1956); People v. Rigney, 3 Cal. Rptr. 855 (1960); McGaffey v. Sudowitz, 10 Cal. Rptr. 862↩ (1961).