Grace L. Hunt v. Commissioner.
Hunt v. Commissioner
Docket No. 3922-68.
United States Tax Court
T.C. Memo 1970-128; 1970 Tax Ct. Memo LEXIS 231; 29 T.C.M. (CCH) 543; T.C.M. (RIA) 70128; May 27, 1970, filed. *231 Grace L. Hunt, pro se, Los Angeles, Calif. Howard W. Gordon, for the respondent. RAUM
Memorandum Opinion RAUM, Judge: The Commissioner determined a deficiency in petitioner's 1966 income tax in the amount of $600.96. Two questions are presented: (1) whether a portion of the periodic payments received by petitioner from her husband from whom she was subsequently divorced constituted nontaxable child support rather than alimony; and (2) whether a deduction claimed for child care was properly disallowed. The facts have been stipulated. 1. Petitioner, Grace L. Hunt (now Grace L. Brown), is and was a resident of King of Prussia, Pennsylvania, when the petition herein was filed. She filed a complaint in a Pennsylvania court seeking a divorce from her former husband on June 17, 1964, and on October 6, 1969, the Master's report having been duly approved, the Court entered a final decree of divorce from the bonds of matrimony. The parties had three minor children, who apparently resided with their mother during the pendency of the divorce proceedings. On June 25, 1964, the divorce court ordered the husband to pay "the weekly sum of $75.00 for the support of his wife Grace *232 544 and three minor children." On July 8, 1964 the order was amended to provide for "$95 a week for support of wife Grace and three minor children." That order was further amended on November 26, 1965 to provide for a "weekly sum of $105 for support of wife Grace and three minor children." Thereafter, on March 6, 1968, petitioner filed a "Petition For Allocation of Support Order", in which she recited that the Internal Revenue Service upon audit of her 1966 return ruled that "since there is no breakdown in the court order as to how much of the support is for the children and how much for the wife, * * * the entire amount paid under the order, is deductible by the defendant [husband] and is reportable as gross income by the wife-petitioner." She accordingly asked for an order amending the prior orders, nunc pro tunc, to spell out the amounts for her own support and the amounts for the support of the children. The Pennsylvania court refused to enter a nunc pro tunc order, but did provide by order of April 16, 1968 that the $105 a week "be allocated for each of three minor children and $15 for wife Grace," and provided further that "[this] allocation to date from Friday, April 19, 1968." *233 During 1966, petitioner received $5,460 from her former husband under the order then in effect and did not report any portion thereof on her 1966 return. The Commissioner determined that the entire amount thereof is taxable as alimony. Petitioner contends that this amount or at least the greater portion thereof must be treated as child support and is not taxable. Although it is plain that the greater portion of the amount involved was originally intended as child support, the Supreme Court's decision in Commissioner v. Lester, 366 U.S. 299, is against her position. Pursuant to that case, it is not enough that the amount of child support may be ascertained by a fair reading of the decree or other controlling instrument; the amount of child support must be set forth with specificity. Moreover, regardless of whether a nunc pro tunc order may in some circumstances circumvent the rigors of Lester, cf. Gloria P. Johnson, 45 T.C. 530; Dorothy Turkoglu, 36 T.C. 552, 555, no such order was entered here. This issue must be decided against petitioner. 2. The second issue before us relates to the correctness of the Commissioner's disallowance of a $260 *234 deduction for childcare expenses. We hold that his action in this respect must be approved as a matter of law. The applicable provisions of the 1954 Code are set forth in the margin. [1]
*235 Under section 214(b)(2)(A), the deduction for child care in the case of a married woman is not allowable unless the spouses file a joint return, and the record herein shows that petitioner filed a separate return. To be sure, section 214(d)(5) provides that a woman shall not be considered as "married" if "she is legally separated from her spouse under a decree * * * of separate maintenance * * *" or if "she has been deserted by her spouse, does not know his whereabouts * * *". But the record fails to establish that these latter conditions have been met. There is no showing that there was any decree of legal separation, nor is there any proof of desertion, etc. In the circumstances, the disallowance of the child-care deduction must be approved since it was claimed in a separate rather than a joint return as required by section 214(b)(2)(A). Jean L. Conti Price, 34 T.C. 163; Rev. Rul. 58-321, 1958-1 C.B. 35. Decision will be entered under Rule 50. Footnotes
1. SEC. 214. EXPENSES FOR CARE OF CERTAIN DEPENDENTS. (a) General Rule. - There shall be allowed as a deduction expenses paid during the taxable year by a taxpayer who is a woman or widower, * * * for the care of one or more dependents * * * for the purpose of enabling the taxpayer to be gainfully employed. (b) Limitations. - * * * (2) Working wives and husbands with incapacitated wives. - In the case of a woman who is married and in the case of a husband whose wife is incapacitated, the deduction under subsection (a) - (A) shall not be allowed unless the taxpayer and his spouse file a joint return for the taxable year, * * * (d) Definitions. - For purposes of this section - (5) Determination of Status. - A woman shall not be considered as married if - (A) she is legally separated from her spouse under a decree of divorce or of separate maintenance at the close of the taxable year, or (B) she has been deserted by her spouse, does not know his whereabouts (and has not known his whereabouts at any time during the taxable year), and has applied to a court of competent jurisdiction for appropriate process to compel him to pay support or otherwise to comply with the law or a judicial order, as determined under regulations prescribed by the Secretary or his delegate.↩