[Civ. No. 4788.   Fourth Dist.   Dec. 1, 1954.]

Adoption of WILLIAM HAROLD SHOOK, a Minor.
THELMA RUTH COUGHLIN, Appellant, v. JOHN
H. COUGHLIN, Respondent.

David Lynn for Appellant.

Wilson & Wilson for Respondent.

MUSSELL, J.—On March 10, 1947, respondent and appellant, who were then husband and wife, filed a joint petition in the Superior Court of San Bernardino county for the adoption of William Harold Shook, now known as Michael John Coughlin.  Said action was numbered 18030.  On September 12, 1947, the Department of Social Welfare recommended the denial of this petition upon the ground that the natural mother could not be located.  No further proceedings were had in said matter until December 5, 1952, when said proceeding and petition were dismissed by court order.  On November 25, 1949, respondent John H. Coughlin was appointed guardian of Michael and Mary Dianne Coughlin, who had been previously adopted by respondent and appellant.

In the guardianship proceedings appellant had filed a cross-

petition for appointment of herself as guardian of both children. Respondent's appointment as guardian was affirmed on appeal by this court in *In re Coughlin,* 101 Cal.App. 2d 727 [226 P.2d 46] and is now final.

In 1948 appellant filed a divorce action against respondent and on July 24, 1952, he secured an interlocutory decree of divorce in that action. Respondent then on August 25, 1952, filed his individual petition for adoption of Michael. Said action was numbered 22723 in said court. This petition was granted by the court and the joint petition filed in 1947 was dismissed. On May 28, 1953, appellant filed a notice of motion to vacate the order granting the second petition, numbered 22723, and also to vacate the order dismissing the joint petition, numbered 18030. These motions were denied and this appeal is taken from the order denying appellant's motion for an order vacating the order dismissing action number 18030.

■ Appellant's first contention is that the court erred in denying appellant's motion in that the judge who made the order was not qualified to act. This argument is untenable. The record shows that Judge Carl Hilliard, who dismissed the first adoption proceeding in action number 18030 and granted the petition in action number 22723, heard two motions in the divorce proceeding between the parties. At the time of the hearing on the first motion he stated to the parties he was and for some time had been personally acquainted with both of the parties. Counsel for appellant then stated that neither he nor his client had any objection to Judge Hilliard's hearing the matter and at the hearing on the second motion appellant did not question the judge's qualifications or fitness to hear the motion. In his affidavit filed herein Judge Hilliard states that he did not at any time disqualify himself and never was disqualified from hearing any matters in controversy between the parties, did not suspect that either of said parties considered him to be so disqualified and that had he known either of said parties was unwilling to have him hear the controversy between them, he would have refused to proceed with such hearing and would have assigned the matter in dispute to another judge. It further appears that counsel for appellant interviewed Judge Hilliard before the hearings in the divorce proceedings and satisfied himself as to the judge's qualifications.

The second argument advanced by appellant is that the court erred in denying her motion in that the court abused its judicial discretion in dismissing the original adoption pro-

ceedings. This argument is likewise without merit. Apparently it is based on the contention that appellant was entitled to notice of such dismissal. However, since respondent had secured an interlocutory decree of divorce, he, being lawfully separated from his wife, was in a position to and did file his individual petition for adoption of the child involved. (*Stauter* v. *Carithers*, 185 Cal. 160 [196 P. 37].) He was not required by law to serve notice on appellant of the filing of his individual petition or of the proceedings had thereon since appellant is not the natural mother of said child or related to it and was not in a position to attack the order. (*Estate of Smith*, 86 Cal.App.2d 456, 461 [195 P.2d 842].)

At the hearing on respondent's petition for adoption, the court's attention was called to the fact of the filing of the joint petition, numbered 18030. Although this petition was filed on March 10, 1947, no hearing was had thereon and the Department of Social Welfare had recommended a denial thereof.

We conclude that by merely joining in the first petition appellant did not thereby become entitled to notice of the filing of respondent's individual petition and the hearing thereon. Moreover, by moving to vacate the order granting the second petition, appellant made herself a party to the proceeding with the result that she was entitled to appeal from the order denying her motion. (*Title Ins. & Trust Co.* v. *California Dev. Co.*, 159 Cal. 484, 488 [114 P. 838]; *Luckenbach* v. *Laer*, 190 Cal. 395, 398 [212 P. 918]; *Greif* v. *Dullea*, 66 Cal.App.2d 986, 993 [153 P.2d 581].) No appeal having been taken from that part of the order granting respondent's petition for adoption (action number 22723), said order has become final.

The order appealed from is affirmed.

Barnard, P. J., and Griffin, J., concurred.