[Civ. No. 16469. First Dist., Div. Two. June 20, 1955.]

Adoption of DEBORAH RICHARDS, a Minor. GIUSEPPI BIAGI et al., Appellants, v. STATE DEPARTMENT OF SOCIAL WELFARE et al., Respondents.

E. C. Mahoney for Appellants.

Keith C. Sorenson, District Attorney (San Mateo), and Elinor Louise Falvey, Deputy District Attorney, for Respondents.

DOOLING, J.—The decision of one question is conclusive of this appeal. The petitioners, husband and wife, sought to adopt a minor child, the granddaughter of the wife. When

their petition came on for hearing a decree of the superior court was introduced approving and ordering the adoption of the child by other parties. The trial court found that because of the prior decree of adoption ''the child is not legally free for adoption by the petitioners herein,'' and accordingly dismissed their petition.

This presents the question: On an appeal from the order dismissing their petition can appellants attack a decree of adoption valid on its face, from which they have not appealed? The question must be answered in the negative.

The decree of adoption being valid on its face is not subject to collateral attack. (*Estate of Smith*, 86 Cal.App.2d 456 [195 P.2d 842]; *Estate of Grazzini*, 31 Cal.App.2d 168 [87 P.2d 713].) Appellants might have moved to set the order of adoption aside, thus making themselves parties to the proceeding, in which event, if their motion was denied, they could have appealed from the order of denial. (*Adoption of Shook*, 129 Cal.App.2d 287, 289 [276 P.2d 839].) In the absence of a direct attack on the order of adoption in this or some other manner appellants are bound by it. They cannot, as they seek to do here, urge errors in its procurement which would only be open to them on a direct appeal.

Order dismissing petition for adoption affirmed.

Nourse, P. J., and Kaufman, J., concurred.