[S. F. No. 22657. In Bank. Oct. 23, 1969.]

DEPARTMENT OF SOCIAL WELFARE et al., Petitioners, v. THE SUPERIOR COURT OF CONTRA COSTA COUNTY, Respondent; GEORGE M., Real Party in Interest.

## COUNSEL

Thomas C. Lynch, Attorney General, Elizabeth Palmer, Deputy Attorney General, and Martin Hineser for Petitioners.

No appearance for Respondent.

Loy D. Wright for Real Party in Interest.

## OPINION

**BURKE, J.**—Petitioners in this prohibition matter are the Department of Social Welfare of the State of California (Department) and Margaret M., an adoptive parent. They seek to prevent respondent superior court from exercising jurisdiction over the petition of real party in interest, Margaret's former husband George M., to set aside a decree of adoption as provided in Civil Code section 227b on the ground of feeblemindedness of the child.[1] As will appear, we have concluded that the court is empowered to proceed under the statute as construed in the light of applicable principles, and that the writ sought should be denied.

In May 1965 respondent superior court entered its decree granting the joint petition of Mr. and Mrs. M. to adopt one Gregory, then aged 21 months. In August 1968 a final decree of divorce was entered *nunc pro tunc*

---

[1]All section references are to the Civil Code unless otherwise stated.

as of May 2, 1968, in favor of George against Margaret in the same court. Margaret was awarded custody of the adopted child.

In September 1968 George, without the knowledge or consent of Margaret, filed a petition alleging that the child showed evidence of being feebleminded, a condition which existed at birth and of which George had no notice or knowledge at the time of the order of adoption, and stating further that pursuant to section 227b[2] George "wishes to set aside said adoption as said adoption pertains to the petitioner." Margaret, informed of George's petition by the Department in the course of its investigation pursuant to section 227b, refused to consent to the setting aside of the adoption and expressed her desire that the child continue to reside with her and be her child. Based on Margaret's refusal to join in George's petition, the Department in its report to the court under section 227b recommended that the petition to set aside the adoption decree be denied.

A hearing on George's petition was had before respondent court at which time Margaret, who had received formal notice of the hearing, was present with counsel and expressed her unwillingness that the adoption be set aside; she also objected to the jurisdiction of the court to proceed until such time as she was made a party to the proceedings. The Department also objected that the court was without jurisdiction to proceed for lack of joinder or consent of both adopting parents. The court ruled against the objections, but commented that Margaret had notice of the hearing, was present with counsel, and "has the right to be heard here" and "to make known her feelings." The hearing was then ordered continued to a date to be set by the court upon receipt of medical reports. This petition for prohibition followed.

 Counsel for the adoptive father, George, has now filed with this court his statement agreeing that Margaret is an indispensable party in the matter and declaring his intention to amend the pleadings to name her as a

---

[2]Section 227b: "If any child . . . adopted under the foregoing provisions of this code shows evidence of being feeble-minded, epileptic or insane as a result of conditions prior to the adoption, and of which conditions the adopting parents or parent had no knowledge or notice prior to the entry of the decree of adoption, a petition setting forth such facts may be filed by the adopting parents or parent with the court which granted the petition for adoption. If such facts are proved to the satisfaction of the court, it may make an order setting aside the decree of adoption.

"The petition must be filed within whichever is the later of the following time limits: (a) Within five years after the entering of the decree of adoption, or (b) within one year after the effective date hereof [1937], if such a condition were manifest in the child within five years after the entering of the decree of adoption.

"In every action brought under this section it shall be the duty of the clerk of the superior court of the county wherein the action is brought to immediately notify the State Department of Social Welfare of such action. Within 60 days after such notice the . . . Department . . . shall file a full report with the court and shall appear before the court for the purpose of representing the adopted child."

party. Indeed, it is difficult to perceive the basis for a contrary view. Inasmuch as Margaret was a party to the decree granting the joint adoption petition, she continues as a party in the adoption matter. In any proceeding attacking the decree or seeking to set it aside she is entitled to notice thereof and to exercise her rights as a party.

With respect to whether or not Margaret's consent is essential to the jurisdiction of the court to hear and determine George's petition that the adoption be set aside, this appears to be a case of first impression in this state. Petitioners contend that since the adoption decree was granted jointly to the adopting parents, both must consent or join in the petition before it can be set aside under section 227b; that the language of the section authorizing the filing of the petition "by the adopting parents or parent" does not mean that a joint decree may be set aside without the consent of both parents when, as here, both are still living. They argue that the "parents or parent" language refers to situations in which the adoption decree was awarded to only one parent instead of to a married couple.

In addition to stepparent adoptions (see §§ 224r, 226, 226.9, 227a), the statute does authorize adoptions by one person only, although if the adopting parent is married and not lawfully separated from his or her spouse the consent of such spouse is required. (See §§ 221, 223, 227p; *Adoption of Barnett* (1960) 54 Cal.2d 370, 377 [3] [6 Cal.Rptr. 562, 354 P.2d 18]; *Stauter* v. *Carithers* (1921) 185 Cal. 160, 163 [2] [196 P. 37]; *In re Williams* (1894) 102 Cal. 70, 79 [36 P. 407, 41 Am. St. Rep. 163]; *Adoption of Shook* (1954) 129 Cal.App.2d 287, 289 [276 P.2d 839].) However, the use of both plural and singular, "parents or parent," in section 227b would appear to provide no guide to legislative intent, as various of the adoption sections employ, with no discernible pattern of context or intent, either the singular, the plural or both, in referring to those with whom a child has been placed for adoption or who may petition to adopt it. (See §§ 224n, 226, 226a, 226.4, 226.6, 226.7, 226.8, 227.)

Nevertheless, it is our view that inasmuch as adoption is authorized by one person only, whether married or unmarried, the fact that an adoption was sought and granted jointly to two persons was not intended to preclude one of the adopting parents from seeking relief as to himself only, under section 227b, whether or not the other adopting parent objects, nor intended to oust the court of jurisdiction to set the adoption aside with respect to the petitioning parent. It may be noted that section 227b merely empowers the court to set aside the decree upon proof to the court's satisfaction of the facts constituting the statutory grounds therefor, and does not make it mandatory that relief be given. However, as commented by respondent court in the present case, "I can appreciate that if the child is indeed mentally deficient, and could not respond to love and consideration

of a parent, that one could very well feel that they are not in a position to continue with taking the burden of support and care for such a child—and that they would proceed, under the law, to have the adoption set aside."

■ The rule is that the adoption statutes are to be liberally construed with a view to effect their objects and to promote justice. Such a construction should be given as will sustain, rather than defeat, the object they have in view. ■ The main purpose of such statutes is the promotion of the welfare of children "by the legal recognition and regulation of the consummation of the closest conceivable counterpart of the relationship of parent and child." (See *Adoption of Barnett, supra,* 54 Cal.2d 370, 377; *Adoption of McDonald* (1954) 43 Cal.2d 447, 459 [19] [274 P.2d 860]; *In re Santos* (1921) 185 Cal. 127, 130 [195 P. 1055].) It would appear that the remedial provisions of section 227b were enacted as a step in the regulatory process, to apply in the described situations in which the child proves unable to take part in a normal parent and child relationship, and that a liberal construction of the section to make its benefits available to the petitioning adoptive father in the present case will tend to encourage adoptions in the first instance and thus will promote the welfare of children available for adoption.

■ When, as in this case, the joint adopting parents have been separated by divorce and only one of such parents seeks to be relieved of his relationship and obligations toward the child, it is our view that the statute authorizes the setting aside of the decree *as to that parent,* thus leaving the relationship to continue with respect to the other parent,[3] or as to *both* parents, should the circumstances warrant such action in the opinion of the court. ■ However the effect of the divorce of the adopting parents is but one of the several factors to be considered by the trial court in the exercise of the broad discretion vested in it by the statute in deciding whether to grant the relief sought by the petitioning parent. Other factors include the welfare of the child, the extent, nature, duration and prognosis as to the disability of the child, the degree of dependency, the length of time of the adoption, the bonds of affection or attachment, and should the decree be set aside as to the petitioning parent only, the sources of support for the child which may be available thereafter to the nonpetitioning parent and the ability of that parent to care for the needs of the child. Undoubtedly,

---

[3]Since this means that the decree of adoption would not be set aside in its entirety, the following provisions of section 227c would not apply: "Whenever the decree of adoption of any child shall have been set aside as provided in section 227b, the court making the order shall direct the district attorney, or a psychopathic probation officer, or any suitable person, to take proceedings under the respective chapter of the Welfare and Institutions Code, relating to the commitment of insane persons, or feeble-minded or epileptic persons, as the case may be. The court may also make such order relative to the care, custody, or confinement of the child pending the proceedings as it sees fit."

these and other factors will be the subject of the "full report" (see fn. 2, *ante*) required to be prepared and submitted by the Department for the consideration of the court, which will also have before it such evidence as may be adduced by the parties.

The alternative writ of prohibition heretofore issued is discharged, and the peremptory writ is denied.

Traynor, C. J., McComb, J., Peters, J., Tobriner, J., Mosk, J., and Sullivan, J., concurred.