[Civ. No. 35339. Second Dist., Div. Three. Dec. 23, 1969.]

COUNTY OF LOS ANGELES, DEPARTMENT OF ADOPTIONS, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
BARBARA JEAN GANN, Real Party in Interest.

1060

## COUNSEL

John D. Maharg, County Counsel, and Marshall S. Rose, Deputy County Counsel, for Petitioner.

No appearance for Respondent.

Yudelson & Lawton and Stephen E. Lawton for Real Party in Interest.

## OPINION

**FEINERMAN, J. pro tem.**\*—Petitioner seeks a writ of "prohibition and mandate" to compel the respondent superior court to dismiss a petition for adoption and to order the return of a minor child to the custody of the Department of Adoptions of the County of Los Angeles. ■ We have concluded, on the facts of this case, that Civil Code section 224n does not deprive the respondent court of jurisdiction to hear the petition for adoption and that the writ sought should be denied.

The minor child, Franklin, was born on March 1, 1968, in Los Angeles, and was relinquished to the Department of Adoptions on March 18, 1968. On April 4, 1968, the minor was placed in the home of Richard Leroy Gann and Barbara Jean Gann, husband and wife, for the purpose of adoption. On April 23, 1969, the Ganns filed a petition for adoption in the respondent court. Thereafter, on April 29, 1969, the petitioner filed its report with respondent court approving the adoption.

On July 17, 1969, a complaint for divorce was filed by Barbara Jean Gann against her husband in the Superior Court of Los Angeles County. On July 24, 1969, the petitioner filed a supplemental report with respondent court recommending that the petition for adoption be denied and that the minor child be returned to the custody of the petitioner.

That same day, July 24, 1969, Barbara Jean Gann filed an amended petition, as a single parent applicant, for the adoption of the minor child. A demand was then made by the petitioner on Barbara Jean Gann to return the minor child to the custody of the Department of Adoptions. She refused to do so, and the petitioner proceeded to file a motion to dismiss the adoption petition in the respondent court. The motion was made upon the ground that the respondent court was "deprived of jurisdiction" to proceed on the petition for adoption in that Barbara Jean Gann, as a sole

---

\*Assigned by the Chairman of the Judicial Council.

petitioner, was not a person with whom the minor was placed for adoption, and, therefore, was not a person authorized by Civil Code section 224n to file a petition for adoption.[1]

On August 29, 1969, the respondent court denied the motion to dismiss and made the following order: "Court finds it does have the jurisdiction and does not have to automatically dismiss under 224n Civil Code. Petition should be heard on its merits."

Petitioner contends that if the order of the respondent court is allowed to stand, it would deprive the licensed adoption agency of its statutory right to select the adoptive parents who may file a petition for adoption. Petitioner asserts that the first sentence of the second paragraph of section 224n[2] has a plain meaning when it provides "No petition may be filed to adopt a child relinquished to a licensed adoption agency except by the prospective adoptive parents with whom the child has been placed for adoption by the adoption agency"; that the agency placed the minor child for adoption by the Ganns, husband and wife, as a family unit, and not with either of the Ganns in their individual capacity; that Barbara Jean Gann, as a single petitioner, is a unit entirely different from that of Mr. and Mrs. Gann as a family unit. Petitioner indicates that "Additional and important factors are considered by the agency before it places a child with a single applicant versus a family placement. In that instance, the single applicant is judged as the complete adoptive unit and there is no other party to compensate for deficiencies which, if standing alone, would produce an unsuitable adoptive parent."

At the outset, we are confronted with basic contradictions between the

---

[1] Civil Code section 224n provides as follows: "The agency to which a child has been relinquished for adoption shall be responsible for the care of the child, and shall be entitled to the custody and control of the child at all times until a petition for adoption has been granted. Any placement for temporary care, or for adoption made by the agency, may be terminated at the discretion of the agency at any time prior to the granting of a petition for adoption. In the event of termination of any placement for temporary care or for adoption, the child shall be returned promptly to the physical custody of the agency.

"No petition may be filed to adopt a child relinquished to a licensed adoption agency except by the prospective adoptive parents with whom the child has been placed for adoption by the adoption agency. After the petition for adoption has been filed, the agency may remove the child from the prospective adoptive parents only with the approval of the court, upon motion by the agency after notice to the prospective adoptive parents, supported by an affidavit or affidavits stating the grounds on which removal is sought. If an agency refuses to consent to the adoption of a child by the person or persons with whom the agency placed the child for adoption, the superior court may nevertheless decree the adoption if it finds that the refusal to consent is not in the best interest of the child."

[2] Unless otherwise noted, all code references are to the civil code.

language in the first paragraph of section 224n (adopted in 1953[3]) and the language in the second and third sentences of the second paragraph of section 224n (adopted in 1957[4] and 1955,[5] respectively). The first sentence of the first paragraph of section 224n provides that the agency ". . . shall be entitled to the custody and control of the child at all times *until a petition for adoption has been granted.*" (Italics added.) The second sentence of the first paragraph of section 224n provides that any placement for adoption made by the agency ". . . may be terminated at the discretion of the agency *at any time prior to the granting of a petition for adoption.*" (Italics added.) On the other hand, the absolute control of the agency, as set forth in the first paragraph of section 224n, is modified in the second and third sentences of the second paragraph, as follows: "After the petition for adoption has been filed, the agency may remove the child from the prospective adoptive parents *only with the approval of the court,* upon motion by the agency after notice to the prospective adoptive parents, supported by an affidavit or affidavits stating the grounds on which removal is sought. If an agency refuses to consent to the adoption of a child by the person or persons with whom the agency placed the child for adoption, *the superior court may nevertheless decree the adoption if it finds that the refusal to consent is not in the best interest of the child.*" (Italics added.)

In the instant case, the petitioner apparently concedes that the respondent court initially had jurisdiction to proceed in view of the fact that the original petition was approved by the Department of Adoptions. Petitioner contends, however, that the respondent court was "deprived of jurisdiction" to proceed on the petition for adoption by the filing of the amended petition by Barbara Jean Gann.

With reference to an independent adoption, it has been held that an adoption proceeding creates a status and is essentially in rem. Accordingly, "Jurisdiction of the subject matter and of the essential parties, once acquired, is not lost by the mere circumstance that one of the adopting parents, through death or divorce, ceases to be a petitioner." (*Adoption of Barnett,* 54 Cal. 2d 370, 377 [6 Cal.Rptr. 562, 354 P.2d 18].) Does the fact that we are dealing in this case with an agency placement under section 224n require a different conclusion?

Real party in interest contends that once the minor child is placed by the agency and a petition for adoption filed with the court, all subsequent proceedings under section 224n are within the jurisdiction of the court. It is also the position of the real party in interest that the words "person or

---

[3]Stats. 1953, ch. 1122, p. 2617, § 1.

[4]Stats. 1957, ch. 1237, p. 2545, § 1.

[5]Stats. 1955, ch. 949, p. 1835, § 1.

persons with whom the agency placed the child for adoption" in the third sentence of the second paragraph of section 224n should be interpreted to cover Barbara Jean Gann as a single petitioner.

■ "The rule is that the adoption statutes are to be liberally construed with a view to effect their objects and to promote justice. Such a construction should be given as will sustain, rather than defeat, the object they have in view. ■ The main purpose of such statutes is the promotion of the welfare of children 'by the legal recognition and regulation of the consummation of the closest conceivable counterpart of the relationship of parent and child.' " (*Department of Social Welfare* v. *Superior Court,* 1 Cal.3d 1, 6 [81 Cal.Rptr. 345, 459 P.2d 897]; *Adoption of Barnett, supra,* 54 Cal.2d 370, 377; *Adoption of McDonald* (1954) 43 Cal.2d 447, 459 [19] [274 P.2d 860]; *In re Santos' Estate* (1921) 185 Cal. 127, 130 [195 P. 1055].)

In *Department of Social Welfare, supra,* a husband and wife were awarded, in 1965, a joint decree to adopt a minor child. In 1968 the adoptive parents were divorced, and the adoptive father filed a petition under Civil Code section 227b to set aside the decree as to himself. He alleged that the child, who had been left in the custody of his ex-wife, showed evidence of feeble-mindedness, and that he had no knowledge or notice of the condition at the time of the adoption. The adoptive mother refused to join in her ex-husband's petition, and the Department of Social Welfare refused to consent to the setting aside of the adoption decree and objected to the jurisdiction of the court to proceed for lack of joinder or consent of both adopting parents. The department contended that the language in section 227b authorizing the filing of the petition "by the adoptive parents or parent" only authorized one parent to act when the adoption decree was awarded to one parent instead of a married couple. The trial court overruled the objections to jurisdiction, and the department petitioned for a writ of prohibition.

In denying the petition for a writ, the Supreme Court stated: "However, the use of both plural and singular, 'parents or parent,' in section 227b would appear to provide no guide to legislative intent, as various of the adoption sections employ, with no discernible pattern of context or intent, either the singular, the plural or both, in referring to those with whom a child has been placed for adoption *or who may petition to adopt it.* (See §§ 224n, 226, 226a, 226.4, 226.6, 226.7, 226.8, 227.)" (Italics added.)

"Nevertheless, it is our view that inasmuch as adoption is authorized by one person only, whether married or unmarried, the fact that an adoption was sought and granted jointly to two persons was not intended *to preclude one of the adopting parents from seeking relief as to himself*

only, under section 227b, whether or not the other adopting parent objects, nor intended to oust the court of jurisdiction to set the adoption aside with respect to the petitioning parent."

It is our belief that a liberal construction of section 224n impels the conclusion that the real party in interest in the instant case comes within the ambit of the third sentence of the second paragraph of section 224n as a "person . . . with whom the agency placed the child for adoption."

Our conclusion is not inconsistent with the holding of the court in *Adoption of Runyon,* 268 Cal.App.2d 918 [74 Cal.Rptr. 514], cited by petitioner. In Runyon a licensed county adoption agency placed a relinquished child in the home of foster parents as a foster child for care and observation, but not for adoption. The agency later removed the child from the foster home and placed him in the home of prospective adoptive parents. Thereafter, the foster parents filed a petition for his adoption. A dismissal of the petition by the trial court was affirmed on the ground that section 224n barred the foster parents from adopting the child. The court held that the provisions of section 224n prohibiting anyone but prospective parents selected by the adoption agency from filing a petition for adoption were constitutional. In the instant case, unlike the situation in *Runyon,* the petition for adoption was filed by persons *approved* by the adoption agency, and the trial court properly acquired jurisdiction.

The petitioner will have ample opportunity to present any objections it has to the adoption petition of Barbara Jean Gann when the petition is heard on its merits in respondent court. As the court stated in *Department of Social Welfare* v. *Superior Court, supra,* 1 Cal.3d 1, 6, ". . . the effect of the divorce of the adopting parents is but one of the several factors to be considered by the trial court in the exercise of the broad discretion vested in it by the statute in deciding whether to grant the relief sought by the petitioning parent." Other factors to be evaluated include the general welfare of the child, the ability of the real party in interest to care for the needs of the child, the sources of support available for the child from the single parent, and the affection or attachment that has developed between the real party in interest and the child. All of these matters can be aired in a courtroom, under the rules of evidence, with witnesses subject to confrontation and cross-examination by the parties.

The interest of the minor child can be served best at this point by permitting the judicial process previously invoked to continue to its normal

conclusion. We believe that this was the intention of the Legislature when it enacted amendments[6] to section 224n in 1955 and 1957.

The alternative writ heretofore granted is discharged and the petition for peremptory writ of prohibition and mandate is denied.

Ford, P.J., and Schweitzer, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied February 18, 1970.

---

[6]These amendments are the second sentence of the second paragraph of section 224n (Stats. 1957, ch. 1237, p. 2545, § 1) and the third sentence of the second paragraph of section 224n (Stats. 1955, ch. 949, p. 1835, § 1).