Filed 4/21/15  Vespremi v. Tesla Motors CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| DAVID VESPREMI et al.,<br><br>        Plaintiffs and Appellants,<br>v.<br><br>TESLA MOTORS, INC. et al.,<br><br>        Defendants and Respondents. | A138126<br><br>(San Mateo County<br>Super. Ct. No. CIV 47656) |

Plaintiff Gene Glaudell is a former employee of defendant Tesla Motors, Inc. (Tesla) who sued Tesla for breach of contract.  He alleged that Tesla denied him his contractual right to exercise his vested stock options when it terminated his employment about seven months after hiring him.  He appeals from the trial court's entry of judgment in favor of Tesla after the court granted Tesla's summary judgment motion.  The court concluded that Glaudell could not prove an essential element of his claim, that Tesla's alleged breach caused him damages, based on deposition testimony he gave in 2012.

Glaudell argues the trial court erred in several respects, including because it did not recognize that he raised a triable issue regarding his damages based on other discovery evidence and his declaration in opposition to Tesla's motion.  We agree.  We decline to address Tesla's arguments that we should affirm the judgment on alternative grounds not raised by Tesla in support of its summary judgment motion because Tesla does not establish that they are simply new legal theories based on undisputed facts. Accordingly, we reverse the judgment.

1

# BACKGROUND

Glaudell sued Tesla and others in January 2009. After a series of demurrers and amended complaints, the trial court sustained Tesla's demurrer to his third amended complaint without leave to amend and entered a judgment of dismissal in Tesla's favor.[1] Glaudell appealed from this judgment. In case number A127008, in an unpublished opinion, we affirmed the judgment, except we reversed and vacated the court's dismissal of Glaudell's breach of contract cause of action and remanded the matter to the trial court for further proceedings.

In his fourth amended complaint, Glaudell alleged breach of contract as follows: He was hired as Tesla's chief information officer beginning in May 2007 pursuant to a written employment agreement. He was terminated less than a year later as part of a reduction of force. His employment agreement granted him an option to purchase 100,000 shares of Tesla common stock pursuant to a stock incentive plan that vested commencing with his first day of employment. A quarter of these shares vested one year after the defined "vesting commencement date" and one-forty-eighth vested each month thereafter. Glaudell intended to purchase common stock in blocks as they vested. However, Tesla denied him the vesting of stock when he was terminated despite the clear language of his employment agreement and Tesla's pattern and practice of allowing the vesting of stock options for employees terminated within their first year of service. This denial was a breach of the employment agreement that caused Glaudell unspecified damages. The parties do not dispute that if any of Glaudell's stock options had vested at the time of his termination he had only 30 days thereafter to exercise them.

---

[1] In this third amended complaint, Glaudell and another plaintiff, David Vespremi, sued Tesla, Elon Musk, Ze'ev Drori and Darryl Siry. In the fourth amended complaint, Glaudell and Vespremi sued Tesla only. Vespremi is not a party to this appeal and neither his claims, nor his or the previous defendants' actions, are relevant to our resolution of it. Therefore, we deny Glaudell's second motion for judicial notice, which requests that we take judicial notice of certain trial court filings that relate to Vespremi's claims issued after Glaudell filed his notice of appeal.

In 2011, Tesla moved for summary judgment or, in the alternative, for summary adjudication regarding Glaudell's fourth amended complaint on the ground that Glaudell's breach of contract claim failed as a matter of law "because the stock option agreements entered into by [Glaudell] unambiguously preclude any vesting of stock options before the one-year anniversary" of his employment. The trial court denied this motion.

In 2012, Tesla moved again for summary judgment regarding Glaudell's fourth amended complaint on the ground that Glaudell had "admitted" in a 2012 deposition "that he suffered no damages"—an essential element of his only cause of action, for breach of contract—"as a result of Tesla's alleged failure to vest his stock options at the time of his termination." Tesla relied entirely on Glaudell's responses to two deposition questions by Tesla's counsel, one right after the other, as follows:

"Q. Mr. Glaudell, at the time of your termination, or within 30 days thereafter, did you have sufficient financial resources to exercise all of the shares subject to your stock option grant?

"A. That would have been possible but difficult. Because of the uncertainty in my employment, I would not have been inclined to purchase stock options when I didn't know how long it was going to be before I got income.

"So did I have money I could use, yes. Did I consider it prudent to use it, no.

"[Glaudell's counsel]: Counsel, you're getting into areas that are both private and irrelevant and outside the scope of this limited deposition.

"Q. So as you cast yourself back to the time of your termination, is it your testimony that you would not have exercised your stock options at that time because you were out of work?

"A. Yes. It would have been imprudent."

Glaudell opposed Tesla's motion. He argued that his 2012 deposition testimony was not an unequivocal admission of no damages. He also submitted evidence that he contended raised a factual dispute on the issue: his 2008 deposition testimony that he was "very disappointed" that he "didn't get the chance to exercise – take advantage of"

3

his stock options when he was terminated; his response to a special interrogatory in 2009, in which he identified his damages as the value of the vested stock options that had accrued at the time of his termination; and his declaration, prepared as a part of his opposition to Tesla's summary judgment motion, in which he discussed his 2012 deposition testimony.

In his declaration, Glaudell stated, among other things, that when he testified in the 2012 deposition that it would have been "imprudent" for him to purchase the stock options, he thought he was being asked what he would have done if he had had to decide to purchase the stock options at the meeting in which he was terminated.

Also, Glaudell stated, Tesla told him nothing about his stock options at the time of his termination. He wrote, "I was not given any information about whether at that time I would be allowed to purchase my vested stock options that had accrued" and "[a]t no time after my termination did [Tesla] advise me that I could purchase the vested stock options that accrued pursuant to" the employment agreement.

After hearing, the trial court granted Tesla's summary judgment motion in a written order filed on November 30, 2012. It held that Glaudell's 2012 deposition testimony established "that he suffered no damages as a result of the alleged breach by Tesla. . . . During his deposition . . . , Glaudell admitted that although he had sufficient financial resources to exercise all of his vested stock options at or within 30 days of his termination from the company, he would not have exercised the options during that time period due to his unemployment. The admission is an admission of fact. Furthermore, Glaudell was testifying to facts within his personal knowledge." The court also stated that "Glaudell's deposition testimony establishes that, regardless of any breach, there was *no causation of damages*."

The court concluded that Glaudell did not raise a triable issue of fact. In his 2008 deposition testimony and his 2009 interrogatory response, he did not address whether he would have exercised the stock options if they had been timely offered to him. The fact that, as he testified in 2008, he was "disappointed" that he could not take advantage of his stock options in no way contradicted or diminished his later statement that it would have

4

been 'imprudent' to exercise his options, and his 2009 interrogatory response addressed only how damages should be measured, not whether he was entitled to them. Further, the undisputed evidence was that he took no action to exercise the stock options prior to termination, at termination, or within 30 days of termination. Pursuant to *D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1 (*D'Amico*) and *Scalf v. D.B. Log Homes, Inc.* (2005) 128 Cal.App.4th 1510, 1524-1525 (*Scalf*), the court disregarded Glaudell's declaration to the extent it contradicted his 2012 deposition testimony because Glaudell offered no reasonable explanation for such a discrepancy.[2]

Glaudell filed a notice of appeal on March 1, 2013.

## DISCUSSION

### I. *Glaudell Raised A Triable Issue Of Material Fact Regarding Damages.*

Glaudell argues that Tesla did not meet its initial burden of establishing that he could not show damages in light of ambiguities in his 2012 testimony and that, even if Tesla did so, he raised a triable issue of material fact regarding his damages via his 2008 deposition testimony, 2009 verified interrogatory response and declaration in opposition to Tesla's summary judgment motion. It is questionable that Tesla met its initial burden. Nonetheless, assuming for the sake of argument that it did so, we agree that Glaudell raised a triable issue of fact, particularly when we must review the evidence as a whole and in the light most favorable to Glaudell as the nonmoving party.[3]

---

[2] The court also sustained Tesla's objections to Glaudell's statements that he would have purchased his stock options within the 30 days after his termination based on the advice of his wife, his financial adviser and Martin Eberhard, co-founder of Tesla, and that his stock options would have been worth $19 a share at Tesla's initial public offering. The court ruled that both statements lacked foundation and that the second also was based on inadmissible hearsay. Glaudell does not challenge these rulings on appeal. Therefore, we do not consider these statements further.

[3] We have no need to, and do not, address Glaudell's other arguments for reversal. These are that the trial court confused the question of whether Glaudell suffered an actionable harm with the measure of his damages, should have found Glaudell's loss of vested, if unexercised, stock options was a form of damages itself and ignored the possibility of nominal damages.

**A.** *Summary Judgment*

A trial court properly grants summary judgment if the record establishes no triable issue as to any material fact and the moving party is entitled to a judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) A party moving for summary judgment always bears the burden of persuasion that there is no triable issue of material fact. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850 (*Aguilar*).) Generally, that party also "bears an initial burden of production to make a prima facie showing of the nonexistence of any triable issue of material fact; if he carries his burden of production, he causes a shift, and the opposing party is then subjected to a burden of production of his own to make a prima facie showing of the existence of a triable issue of material fact." (*Id*. at p. 850.) "There is a triable issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof." (*Id*. at p. 850.)

"When a defendant moves for summary judgment in a situation in which the plaintiff would have the burden of proof at trial by a preponderance of the evidence, the defendant may, but need not, present evidence that conclusively negates an element of the plaintiff's cause of action. [Citation.] As an alternative to the difficult task of negating an element, the defendant may present evidence to 'show[] that one or more elements of the cause of action . . . cannot be established' by the plaintiff." (*Chavez v. Glock* (2012) 207 Cal.App.4th 1283, 1301.)

Our standard of review for an order granting or denying summary judgment is de novo. (*Aguilar*, *supra*, 25 Cal.4th at p. 860.)

**B.** *Breach Of Contract*

"[T]he elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." (*Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 821.) Also, " '[c]ausation of damages in contract cases, as in tort cases, requires that the damages be proximately caused by the defendant's

6

breach, and that their causal occurrence be at least reasonably certain.' " (*US Ecology, Inc. v. State of California* (2005) 129 Cal.App.4th 887, 909.)

## C. *Analysis*

Assuming Tesla made a prima facie showing that Glaudell could not prove damages by its submission of his 2012 deposition testimony, we must consider "all of the evidence the parties offered in connection with the motion (except that which the court properly excluded) and the uncontradicted inferences the evidence reasonably supports." (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 476.) We view the evidence in the light most favorable to plaintiffs as the parties opposing summary judgment, strictly scrutinizing defendants' evidence in order to resolve any evidentiary doubts or ambiguities in plaintiffs' favor. (*Johnson v. American Standard, Inc.* (2008) 43 Cal.4th 56, 64.) We may draw inferences from an opposing party's evidence, but "those inferences must be reasonably deducible from the evidence, and not such as are derived from speculation, conjecture, imagination, or guesswork." (*Joseph E. Di Loreto, Inc. v. O'Neill* (1991) 1 Cal.App.4th 149, 161.)

Furthermore, we "[focus] on issue finding; [we do] not resolve issues of fact. [We seek] to find contradictions in the evidence, or inferences reasonably deducible from the evidence, which raise a triable issue of material fact." (*Johnson v. United Cerebral Palsy/Spastic Children's Foundation* (2009) 173 Cal.App.4th 740, 754 (*Johnson*). A court should not grant summary judgment " '[w]here the evidence and inferences would allow a reasonable trier of fact to find the underlying fact in favor of a plaintiff in accordance with the applicable standard of proof . . . ." (*Faust v. California Portland Cement Co.* (2007) 150 Cal.App.4th 864, 877.) In such a circumstance, " 'a defendant's motion for summary judgment must be denied.' " (*Ibid*.)

We have reviewed Glaudell's 2012 deposition testimony with these rules in mind and conclude that this testimony, when viewed with the evidence submitted by Glaudell, does not establish that Glaudell cannot show he suffered damages resulting from Tesla's

breach.[4]  Contrary to the view of Tesla and the trial court, neither answer contains an unequivocal admission by Glaudell that, regardless of Tesla's breach, he would not have timely exercised any stock options.  Glaudell's evidence creates disputed facts regarding whether he would have done so, particularly during the 30 days after his termination.

In his first 2012 deposition answer, Glaudell answered whether he had sufficient financial resources to purchase all of his stock options when he was terminated, or 30 days thereafter.  He indicated it would have been "possible but difficult" for him to do so. He then volunteered that he "would not have been *inclined* to purchase stock options" when he did not know how long it was going to be before he had income and that he considered it "*imprudent*" to do so.  (Italics added.)  Tesla characterizes these volunteered statements as an "admission" by Glaudell that he would not have exercised his stock options at the time of termination or 30 days thereafter.  We disagree.  The key words are those which we have italicized.  They are equivocal statements that do not refer to any decisions made by Glaudell when he was terminated or in the 30 days thereafter.  Also, Glaudell does not indicate the time period in which he would have been so inclined.  It is not apparent from his answer.  While the first question referred to "30 days thereafter," Glaudell volunteered these statements, which were not responsive to the question.  Also, his disinclination was based on being out of work and nothing in the record indicates whether or not he obtained new employment in the 30 days after his termination.  Thus, there is an ambiguity regarding the period of time Glaudell had in mind in referring to his disinclination and the imprudence of purchasing stock options.

In his second answer, Glaudell answered affirmatively (and again stated it would have been "imprudent") to the question, "So, as you cast yourself back to the time of your termination, is it your testimony that you would not have exercised your stock options at that time because you were out of work?"  Given the limited time frame of the question

---

[4]  As we will discuss, Tesla also argues that Glaudell cannot demonstrate breach of contract.  We decline to consider this issue because Tesla did not raise it in its summary judgment motion.  Therefore, we presume, without deciding, that there was a breach in our consideration of this appeal.

itself, Glaudell's answer indicates only that he would not have exercised his stock options at "the time of [his] termination." This leaves unaddressed whether he would have done so at some point during the 30 days thereafter. Also, Glaudell's statement that he "would not have exercised [his] stock options" at "the time of [his] termination" because he was out of work was a response to a hypothetical question, not one asking if he had in fact made a decision at the time of his termination, creating a further ambiguity regarding his testimony.

Given the equivocal nature of his answers, Glaudell's evidentiary submissions create triable issues of material fact regarding his damages. In his 2008 deposition testimony, Glaudell indicated that he *had* been inclined to exercise his stock options upon his termination. Specifically, he was asked, "Is there any aspect of your compensation that you believe you have not been paid at this time?" He responded, "I don't believe I have been paid a satisfactory severance. And I am very disappointed that I didn't get a chance to exercise – take advantage of my stock options."

Tesla asserts that this deposition testimony provides speculation rather than reasonable inferences, and that it "does not contradict or diminish his later sworn statement that he would not have exercised the stock options because doing so would have been 'imprudent.' " We disagree. It is just as reasonable to infer from Glaudell's 2008 deposition testimony that, but for Tesla's presumed breach, he would have exercised his stock options as it is to infer from his 2012 deposition testimony regarding his inclination and sense of prudence that he would not have done so. They are equally equivocal. And again, Glaudell did *not* testify in 2012 that he would not have exercised his stock options at any time during the 30 days after his termination, leaving a hole in Tesla's proof.

Glaudell's declaration in opposition to Tesla's summary judgment motion contains a statement that further creates a disputed fact regarding his damages. Glaudell declared, "During my deposition, when I testified it would have been imprudent for me to purchase the stock options, I understood [Tesla's] counsel question to refer to the hypothetical situation as if *I had to decide* to purchase the stock options at the meeting wherein I was

9

let go from [Tesla]." This statement is Glaudell's explanation of his affirmative answer to the second question by Tesla's counsel, the only question that asked him whether he would have purchased stock options. As we have discussed, that question asked him what he would have done at "the time of [his] termination." Given this limited time frame, Glaudell's explanation neither contradicts his testimony nor is unreasonable. It further highlights the gap in Tesla's proof.

Tesla argues that the trial court correctly disregarded Glaudell's "self-serving" declaration because it "squarely contradicts" his deposition testimony. It correctly points out that "a party cannot create an issue of fact by a declaration which contradicts his prior discovery responses." (*Shin v. Ahn* (2007) 42 Cal.4th 482, 500, fn. 12.) Tesla also correctly points out that where there is a clear and unequivocal admission in a deposition, that admission is entitled to deference over a later declaration. (*D'Amico*, *supra*, 11 Cal.3d at pp. 21-22, quoting *King v. Andersen* (1966) 242 Cal.App.2d 606, 610 [" 'Where, as here . . . there is a clear and unequivocal admission by the plaintiff, himself, in his deposition . . . we are forced to conclude there is no *substantial* evidence of the existence of a triable issue of fact' "].) Nonetheless, "[w]hile the *D'Amico* rule permits a trial court to disregard declarations by *a party* which contradict his or her own discovery responses (absent a reasonable explanation for the discrepancy), it does not countenance ignoring other credible evidence that contradicts or explains that party's answers or otherwise demonstrates there are genuine issues of factual dispute." (*Scalf*, *supra*, 128 Cal.App.4th at pp. 1524-1525; see also *Price v. Wells Fargo Bank* (1989) 213 Cal.App.3d 465, 482 ["summary judgment should not be based on tacit admissions or fragmentary and equivocal concessions, which are contradicted by other credible evidence"], overruled on other grounds by *Riverisland Cold Storage, Inc. v. Fresno-Madera Production Credit Assn.* (2013) 55 Cal.4th 1169, 1179-1182.) Considering the evidence as a whole and drawing all reasonable inferences in Glaudell's favor, we conclude Tesla did not establish that Glaudell would not have timely exercised any stock

options but for Tesla's presumed breach. Therefore, a triable issue of material fact regarding his damages remains.[5]

## II. *We Do Not Consider Tesla's Other Arguments Because It Did Not Raise Them In Its Summary Judgment Motion.*

Tesla argues that even if we conclude there was a triable issue of material fact regarding damages, we should still grant summary judgment for two alternative reasons: Glaudell cannot prove causation of damages or breach of contract because he never exercised his options and, regardless, he cannot rely on the stock option provision of the employment agreement for his claim. We do not consider the merits of these arguments because, as Glaudell points out, Tesla did not move for summary judgment on these grounds. Each involves mixed questions of fact and law. As such, there is not a sufficient record developed upon which to consider them for the first time on appeal.

## A. *Tesla's Basis For Its Summary Judgment Motion*

Tesla moved for summary judgment on the sole ground that Glaudell "admitted under oath that he suffered no damages as a result of Tesla's alleged failure to vest his stock options at the time of his termination." Thus, Tesla argued, Glaudell could not prove "the essential element of damages in his claim for breach of contract." Tesla alleged only one statement of undisputed fact: "Plaintiff Gene Glaudell suffered no damages as a result of Tesla's alleged breach of an agreement to grant him stock options prior to the first anniversary of his employment," which it supported entirely with Glaudell's 2012 deposition testimony.

---

[5] Glaudell argues the trial court erroneously concluded from *D'Amico*, *supra*, 1 Cal.3d 1 that it could disregard his declaration altogether in the face of his deposition "admission." This was not the case. The court's written order quotes the discussion in *Scalf*, *supra*, 128 Cal.App.4th at pages 1524-1525, that we have quoted herein. The trial court then stated its view that the discrepancy between Glaudell's declaration and his deposition testimony was not reasonable and only then, pursuant to *Scalf*, disregarded it. We disagree with the court's conclusion, but not the legal standard it applied.

11

**B.** *Tesla's Alternative Arguments On Appeal*

    **1.** *"No Exercise"*

The trial court granted summary judgment because "Glaudell's deposition testimony establishes that, regardless of any breach, there was *no causation of damages*." Tesla refers to the trial court's conclusion that Glaudell did not attempt to exercise his options and concludes, "Mr. Glaudell could not be denied a right he never attempted to exercise. Because Mr. Glaudell never attempted to exercise any right to stock options, it necessarily follows that Tesla never denied any such right to Mr. Glaudell. Accordingly, Mr. Glaudell can point to no act of Tesla's that constituted a breach of contract or caused damages to Mr. Glaudell." This argument ignores that the court's order includes a "regardless of any breach" caveat.

    **2.** *No Binding Employment Agreement*

Tesla also argues we should affirm because Glaudell's decision to sue on the employment agreement alone, and to circumvent the legal effect of the stock incentive plan, leaves him without a legal basis for relief. This is because, according to Tesla, the stock option provision in the employment agreement lacks essential terms, such as exercise price, the term of the option and the post-termination exercise period, rendering it judicially unenforceable.

Tesla also asserts that even if the employment agreement were judicially enforceable, it "has been displaced" by the stock incentive plan, which, Tesla contends, "was 'written' and signed by Mr. Glaudell and an officer of Tesla. As such, the [stock incentive plan] qualifies to supersede the [employment agreement's] stock option provision." Tesla asserts that we should disregard the evidence presented by Glaudell "[i]n his opposition to the superseding authority of the [stock incentive plan]" based on the parol evidence rule. Here and elsewhere, Tesla cites not to the record regarding the motion appealed from, but to the record regarding its previous motion for summary judgment or, in the alternative, summary adjudication, which the trial court denied.

12

**C.** *Analysis*

Tesla's arguments involve questions of fact that Tesla did not raise in its summary judgment motion and Glaudell did not have an opportunity to address in his opposition.

As Tesla points out regarding its "no binding employment agreement" argument, "we affirm the summary judgment if it is correct on any legal ground applicable to this case, whether that ground was the legal theory adopted by the trial court or not, and whether it was raised by defendant in the trial court, or first addressed on appeal." (*Johnson*, *supra*, 173 Cal.App.4th at p. 754, citing *Western Mutual Ins. Co. v. Yamamoto* (1994) 29 Cal.App.4th 1474, 1481 (*Western Mutual*).)  However, this rule should not be taken out of context.  As stated in the case relied upon by the *Johnson* court, *Western Mutual*, it applies only "where there is no genuine issue of material fact." (*Western Mutual*, at p. 1481.)  Our determinations must be based on the record before us.  (See *Md. Casualty Co. v. Reeder* (1990) 221 Cal.App.3d 961, 966-967 ["we must affirm the trial court's ruling *if there is any basis in the record for doing so*," italics added].)  "The general rule is that 'this court will consider only the facts before the trial court at the time it ruled on the motion' for summary judgment." (*North Coast Business Park v. Nielsen Construction Co.* (1993) 17 Cal.App.4th 22, 30 (*North Coast*).)

Moreover, Code of Civil Procedure section 437c requires that a summary judgment motion "include a separate statement setting forth plainly and concisely *all material facts which the moving party contends are undisputed*.  Each of the material facts stated shall be followed by a reference to supporting evidence.  The failure to comply with this requirement of a separate statement may in the court's discretion constitute a sufficient ground for denial of the motion." (Code Civ. Proc., § 437c, subd. (b)(1), italics added.)  As one court has observed, a major purpose of the separate statement is "to give the opponent notice of the facts . . . .  '[I]t is no answer to say the facts set out in the supporting evidence or memoranda of points and authorities are sufficient.' " (*North Coast*, *supra*, 17 Cal.App.4th at p. 30.)

Based on these rules, we decline to consider Tesla's alternative arguments.  As we have indicated, Tesla raised only one purportedly undisputed fact in its separate statement

13

below—that, based on Glaudell's 2012 deposition testimony quoted herein, he could not show damages resulting from Tesla's alleged breach of contract. Tesla did not contend, nor introduce any evidence, that it did not commit any breach and, therefore, Glaudell offered no evidence or legal argument in opposition to such a claim. And based on the motion Tesla made, the court did not rule and could not have ruled that there was no breach.

As for causation, the trial court did conclude that Glaudell indisputably did not exercise his option in the 30 days that followed his termination. We question whether the court should have done so when Tesla did not put the matter at issue in its motion. In any event, this conclusion is not dispositive of the breach or causation of damages issues. That Glaudell did not exercise his options does not necessarily mean there was no breach or causation of damages. For example, Glaudell argues that he had no obligation to do so because Tesla purportedly repudiated the relevant contract at the time he was terminated. This potentially raises issues of fact that were not litigated below, and causes us to decline to address Tesla's "no exercise" argument for the first time on appeal.

Regarding Tesla's "employment agreement" arguments, these too raise issues of fact that are not developed in the record. For example, Tesla acknowledges that Glaudell previously raised parol evidence issues in opposition to Tesla's unsuccessful summary judgment motion in 2011. Tesla does not appeal from the trial court's rejection of that 2011 motion and, therefore, these issues are not part of the present appeal, which is from the court's judgment following its granting of Tesla's 2012 summary judgment motion. Therefore, we decline to address these arguments as well.

## DISPOSITION

The judgment is reversed and this matter is remanded to the trial court for further proceedings consistent with this opinion. Glaudell is awarded costs of appeal.

14

_____

STEWART, J.

We concur.

_____

KLINE, P.J.

_____

MILLER, J.